```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

ALI FRAY,

                    Plaintiff,           MEMORANDUM & ORDER
                                         20-CV-4507(EK)(LB)
        -against-

CITY OF NEW YORK AND KAREEM J.
ANDERSON,

                    Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

On November 2, 2020, Plaintiff Ali Fray, proceeding *pro se*, brought this action against the City of New York and NYPD officer Kareem J. Anderson for, among other things, false arrest and malicious prosecution under 42 U.S.C. § 1983. The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") but dismisses his complaint. Plaintiff may, if he chooses, submit an amended complaint by December 21, 2020.

## I.   Background

The Court reads the complaint as follows: NYPD officers arrested Plaintiff on June 17, 2005 and June 17, 2006. ECF No. 1 at 2-3. On the latter date, officers strip-searched Plaintiff twice; they also injured him when they handcuffed him. *Id.* at 3-4. They then prepared false reports to prosecutors

1

about the circumstances of his arrest and the crimes he committed. *Id.* at 4.

Plaintiff also identifies certain dates whose significance to his underlying claims is unclear. He claims he was sentenced on December 2, 2005 (presumably in connection with his June 17, 2005 arrest). *Id.* at 5. He also alleges that separate criminal charges were brought against him and/or dismissed on the following dates: June 21, 2006, September 15, 2006, November 11, 2006 and November 13, 2006. *Id.* at 6 (describing these as "detainment dates"); *id.* (on these dates, his "charges were adjourned in contemplation of dismissal or dismissed"). He further claims he was detained on February 9, 2008 pursuant to a January 14, 2008 indictment, and that he was sentenced on December 16, 2010 (presumably in relation to these proceedings), *id.* at 5-6. Plaintiff states that May 10, 2020 was the "last time" he "was detained." *Id.* at 7. The complaint attaches a variety of documents, many of which do not appear relevant to Plaintiff's claims as presented. Plaintiff seeks declaratory relief, damages, and an order vacating his convictions.

## II. Standard of Review

Under the IFP statute, 28 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be

2

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). District courts read *pro se* complaints "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quotations and citations omitted).

### III. Discussion

Actions brought under Section 1983 are subject to a three-year statute of limitations. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009); *see also Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002). It appears that Plaintiff's claims all accrued more than three years before he filed this complaint in November 2020. Accordingly, they are time-barred.

The statute of limitations for false-arrest claims "begins to run at the time the claimant becomes detained pursuant to legal process," *Wallace v. Kato*, 549 U.S. 384, 397 (2007), such as when the plaintiff "is bound over by a magistrate or arraigned on charges," *id.* at 389; *Cooper v. City of New York*, No. 17-CV-1517, 2019 WL 3642996, at *13 (E.D.N.Y. Aug. 5, 2019). Similarly, an excessive-force claim "accrues when the use of force occurred," *Wharton v. Cnty. of Nassau*, No. 07-CV-2137, 2010 WL 3749077, at *9 (E.D.N.Y. Sept. 20, 2010) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)), and an unlawful-search claim accrues when the

3

search takes place, *Forbes v. City of New York*, No. 15-CV-3458, 2016 WL 6269602, at *3 (S.D.N.Y. Oct. 26, 2016).  Finally, the statute of limitations for malicious-prosecution claims begins to run when the prosecution terminates in the plaintiff's favor, *Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017); here, the documents attached to the complaint indicate that the charges against him were dismissed on November 17, 2006; January 17, 2007; and March 19, 2008, respectively, ECF No. 1 at 34-36.  Because all these events took place more than three years before Plaintiff filed this complaint in November 2020, his claims appear to be time-barred.

Finally, to the extent Plaintiff seeks to have any convictions vacated, Section 1983 is not the proper way to pursue such relief.  *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973).  Plaintiff may be able to seek this relief by way of a writ of habeas corpus under 28 U.S.C. § 2254.  *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005).

### IV.  Leave to Amend

In light of Plaintiff's *pro se* status, the Court grants him until December 21, 2020 to file an amended complaint.  Should Plaintiff choose to amend his complaint, he must follow the below guidance.  If he wishes to press the claims described above (false arrest, malicious prosecution, excessive force, and/or unlawful search), his amended complaint must clearly

4

state the date each arrest occurred, the charges that were filed, and the outcome of each proceeding, including whether he was convicted or whether the charges were dismissed, and the dates that these events occurred.  If possible, Plaintiff should attach any court documents regarding the outcome of these criminal proceedings.  If Plaintiff has no claims that accrued within the applicable limitations period described above, he must also explain why he is filing these actions at this late stage, including any circumstances that prevented him from filing them during the applicable limitations period.

Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, and must be filed by December 21, 2020.  The amended complaint will completely replace the original in all respects, so Plaintiff should include all the allegations he wishes to pursue in the amended complaint.  Put differently, Plaintiff should treat the amended complaint as if it were a blank slate and pretend the original complaint does not exist.

### V. Conclusion

For these reasons, Plaintiff's complaint is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).  If Plaintiff fails to file an amended complaint by December 21, 2020, judgment shall enter, and this case will be closed.  If Plaintiff files an amended complaint within the time allowed, it will be reviewed, again,

under 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      SO ORDERED.

                                                    \_\_\_\_s/ Eric Komitee_____
                                                    ERIC KOMITEE
                                                    United States District Judge

Dated:      November 20, 2020
             Brooklyn, New York